Xiong v. Sessions

BIA
Hom, IJ
A088 440 357

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of July, two thousand eighteen.

PRESENT:
REENA RAGGI,
PETER W. HALL,
DENNY CHIN,
*Circuit Judges.*

_____

ZHENBO XIONG,
  *Petitioner,*

  v.         16-4251
             NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
  *Respondent.*

_____

FOR PETITIONER:  Zhou Wang, New York, NY.

FOR RESPONDENT:  Chad A. Readler, Acting Assistant Attorney General; Anthony C. Payne, Assistant Director; Jennifer A. Bowen, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhenbo Xiong, a native and citizen of the People's Republic of China, seeks review of a November 29, 2016, decision of the BIA affirming an October 29, 2015, decision of an Immigration Judge ("IJ") denying him asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhenbo Xiong,* No. A088 440 357 (B.I.A. Nov. 29, 2016), *aff'g* No. A088 440 357 (Immig. Ct. N.Y. City Oct. 29, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, i.e., minus the adverse credibility determination that the BIA rejected. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Furthermore, we do not review Xiong's claim of past persecution under China's family planning policy because he has not addressed it in his brief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005). Accordingly, the only issue before us is

Xiong's claim that he has a well-founded fear of persecution in China on account of his practice of Christianity. The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Absent past persecution, an applicant may establish eligibility for asylum by demonstrating a well-founded fear of future persecution, 8 C.F.R. § 1208.13(b)(2), which must be both subjectively credible and objectively reasonable, *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). "[The] alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008).

Xiong did not assert that Chinese officials are aware of his religious practice. *See id.* Given the tens of millions of unregistered Christian practitioners in China, he did not demonstrate that Chinese officials are likely to discover his religious activities as required to establish a well-founded fear of persecution. *See id.* Moreover, the country conditions evidence provides that in Xiong's home province of Guangdong religious practice in small gatherings is tolerated with little interference. Xiong

3

failed to exhaust his argument that the IJ erroneously speculated that he would return to Guangdong rather than his wife's province of Fujian. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 121-22 (2d Cir. 2007). Nor does the record support Xiong's argument: he twice testified that his home was Guangdong and never testified that he would live in Fujian. *See* 8 U.S.C. § 1158(b)(1)(B) (placing the burden on applicant to establish eligibility for asylum).

Accordingly, because the agency reasonably found that Xiong failed to demonstrate a well-founded fear of persecution, it did not err in denying asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4